**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

MIGUEL A. RAMIREZ-ORTIZ,
JOSE IRIZARRY-ORTIZ,
JAVIER IRIZARRY-ORTIZ, and
ELIEZER IRIZARRY-ORTIZ,

      **Plaintiffs,**

          **v.**

CORPORACION DEL CENTRO
CARDIOVASCULAR DE PUERTO RICO
Y DEL CARIBE, *et al.*,

      **Defendants.**

**CIVIL NO.** 12-2024 (FAB)

**MEMORANDUM AND ORDER**

BESOSA, District Judge.

Before the Court are (1) defendant Hospital Bella Vista ("HBV")'s motion for partial summary judgment, (Docket No. 162); (2) HBV's motion requesting an extension of the partial judgment entered on December 23, 2013, (Docket No. 185); and (3) plaintiffs' motion *in limine* to preclude defendant Corporacion del Centro Cardiovascular de Puerto Rico y del Caribe ("CCCPRC") from introducing expert testimony, (Docket No. 198). For the reasons discussed below, the Court **DENIES** HBV's motions for partial summary judgment and extension of partial judgment, and **GRANTS** plaintiffs' motion *in limine*.

**I.   Partial Summary Judgment**

The crux of defendant HBV's summary judgment argument rests upon its interpretation of two paragraphs in the third amended

complaint.   Paragraphs 31 and 32 fall under a section called
"General Allegations" of the complaint and state the following:

> 31.  At Hospital Bella Vista, including the time spent at
> the emergency room of this entity, Mr. Ramirez was under
> the care of Co-Defendants Dr. Luis R. Vega Torres,
> Dr. Karen Rodriguez, and Dr. Jorge Valero Torres-Olmeda
> who treated his cardiovascular condition medically.
>
> 32.  Lytic therapy at protocol or immediate intervention
> were not offered to Mr. Ramirez.

(Docket No. 85 at p. 7.)   HBV contends that Dr. Cecilia Arango, a
family medicine resident who was "moonlighting" HBV's emergency
room on December 31, 2011, did offer Mr. Ramirez lytic therapy, and
consequently that the alleged negligent act or omission stated in
paragraph 32 "does not exist, as required by article 1802 of the
Puerto Rico Civil Code." (Docket No. 162 at p. 2.)   The hospital
thus requests that the Court grant partial summary judgment,
"dismissing with prejudice the allegations contained in paragraphs
31 and 32 of the third amended complaint with the imposition of
costs, expenses, and attorney's fees." (Docket No. 162 at p. 2.)

Plaintiffs aver that they have properly pled a medical
malpractice claim under Puerto Rico law and disagree with defendant
HBV's interpretation of paragraphs 31 and 32 of the third amended
complaint.   Finding that genuine issues of material fact remain as

to plaintiffs' negligence claims against HBV, the Court **DENIES** the

motion for partial summary judgment.[1]

Summary judgment serves to assess the evidence and determine

if there is a genuine need for trial.  Garside v. Osco Drug, Inc.,

895 F.2d 46, 50 (1st Cir. 1990).  The Court may grant a motion for

summary judgment "if the movant shows that there is no genuine

dispute as to any material fact and the movant is entitled to

judgment as a matter of law."  Fed.R.Civ.P. 56(a).  A fact is

"material" if it has the potential to "affect the outcome of the

suit under the governing law."  Id.  A dispute is "genuine" when it

"could be resolved in favor of either party."  Calero-Cerezo v.

U.S. Dep't. of Justice, 355 F.3d 6, 19 (1st Cir. 2004).  The party

moving for summary judgment has the initial burden of

"demonstrat[ing] the absence of a genuine issue of material fact"

---

[1] HBV also argues that because Dr. Arango is not a party to the case, plaintiffs cannot receive "complete relief" as to their allegations in paragraphs 31 and 32.  Quizzically, HBV cites a recent Supreme Court of Puerto Rico case, Fraguada Bonilla v. Hospital Auxilio Mutuo, 186 D.P.R. 365, 389 (2012), and claims that "according to the 'in solidum' obligation doctrine[,] there is a lack of indispensable parties" without Dr. Arango.  (Docket No. 164 at p. 2.)

Courts have long held that joint tortfeasors are not indispensable parties pursuant to Federal Rule of Civil Procedure 19(b), because "it is not necessary for all joint tortfeasors to be named as defendants in a single lawsuit."  Temple v. Synthes Corp., 498 U.S. 5, 7 (1990).  Plaintiffs correctly classify Dr. Arango as a potential joint tortfeasor and not as an indispensable party.  (Docket No. 191 at pp. 1–2.)  Simply because plaintiffs did not sue Dr. Arango, therefore, does not mean that HBV is entitled to summary judgment and to the dismissal of paragraphs 31 and 32 of the complaint.

with definite and competent evidence.  Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986); Maldonado-Denis v. Castillo-Rodriguez, 23 F.3d 576, 581 (1st Cir. 1994).  It must identify "portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any'" which support its motion.  Catrett, 477 U.S. at 323 (citing Fed.R.Civ.P. 56(c)). Only when a properly supported motion has been presented does the burden shift to the non-moving party "to demonstrate that a trier of fact reasonably could find in [its] favor." Santiago-Ramos v. Centennial P.R. Wireless Corp., 217 F.3d 46, 52 (1st Cir. 2000) (internal citation omitted).

Defendant HBV has not met its summary judgment burden because it fails to demonstrate that no material issue of fact exists regarding whether Mr. Ramirez's medical care at HBV was negligent. It merely argues that because lytic therapy was actually administered to Mr. Ramirez at HBV, plaintiffs' allegation that "lytic therapy at protocol or immediate intervention were not offered" must fail.  As plaintiffs point out, HBV's argument is based on a blatant misinterpretation of paragraph 32 in the third amended complaint.  Plaintiffs do not allege that there was an absence altogether of lytic therapy; rather, they admit that lytic therapy was dispensed, but allege that its administration was not "at protocol" and thus fell short of the appropriate standard of care.  They support that contention with the following evidence:

A consultation report from HBV, which documents Mr. Ramirez's health conditions upon admission and includes HBV's "recommendations" for the patient, (Docket No. 192-1); deposition testimony of Dr. Karen Rodriguez-Maldonado and a physician's order, which demonstrate that HBV transferred Mr. Ramirez to CCCPRC on January 3, 2012, (Docket Nos. 192-4); and a report issued by plaintiffs' expert, Dr. Carl Adams, detailing why HBV's lytic therapy was not "at standard." (Docket No. 192-3.)[2]  Accordingly,

---

[2] Dr. Adams' written opinion is as follows:

> Although lytic therapy was started on December 31, 2012, it was not at standard[,] as lytic therapy is started immediately with anticipation of an urgent diagnostic or therapeutic cardiac catheterization with or without intervention. The patient was treated "medically" and therefore the myocardium was not "rescued", this resulted in loss of viable myocardial muscle mass in the presence of ischemia, an ECHO documented right ventricular wall hypokinesis prior to transfer.

(Docket No. 192-3 at p. 3.)

Despite HBV's argument to the contrary, the Court finds no basis for believing that Dr. Adams' deposition testimony is inconsistent with his written report. HBV submits one page of Dr. Adams' deposition — with no additional context — which states that the emergency room medical care given to Mr. Ramirez did not violate the standard of care, "with the exception of the cardiologist who gets involved treating the patient." (Docket No. 237-2 at p. 1.) With regard to the lytic therapy issue, however, Dr. Adams' position appears consistent: "And, as I said, it was appropriate to initiate the lytic therapy, but it was not carried in the standard of care because, you have to transfer that patient to a facility in a reasonable amount of time for an intervention." (Docket No. 237-1 at p. 3.) The Court, therefore, finds no basis for believing that "Dr. Carl Adams accepted that there were no violation[s] of the standard of care" at HBV. (See Docket No. 237 at p. 2.)

issues of material fact remain regarding HBV's negligence, and the Court **DENIES** the hospital's request for partial summary judgment and to strike paragraphs 31 and 32 of the third amended complaint.

## II.  Extension of Partial Judgment

On December 23, 2013, the Court granted plaintiffs' motion for voluntary dismissal with prejudice of their claims against Dr. Jorge V. Torres-Olmeda, Dr. Luis Vega-Torres, and SIMED 10 as Dr. Torres-Olmeda's insurer.  (Docket No. 174.)  Defendant HBV argues that the dismissal must also include HBV "for the alleged negligence and/or liability, if any, of those defendants-physicians," and it therefore seeks to extend the Court's December 23rd Order to it.  (Docket No. 185 at p. 3.)  Simply because some of the doctors who treated Mr. Ramirez at HBV have been dismissed, however, does not mean that the dismissal of claims against HBV necessarily follows.  Pursuant to articles 1802 and 1803, a hospital may be liable for a physician's malpractice as well as for its own negligence.  Casillas-Sanchez v. Ryder Mem. Hosp., Inc., 960 F. Supp. 2d 362, 366 n.1 (D.P.R. Aug. 15, 2013) (Besosa, J.).  The Court has been presented with no authority for HBV's insinuation that when a hospital's negligence liability lies at least in part on a doctor's malpractice, the doctor must also be sustained as a defendant in order for the claims against the hospital to persist.  Thus, the negligence claims against HBV remain, and HBV's motion to extend partial judgment is **DENIED.**

### III. Motion *in Limine*

On August 1, 2013, the Court ordered all defense expert reports to be submitted by December 31, 2013. (Docket No. 121.) Although the Court extended that deadline for defendant Hospital de la Concepcion (Docket No. 167) and defendant Dr. Gonzalez-Cancel, (Docket No. 169), defendant CCCPRC did not request and did not obtain an extension to the December 31, 2013 deadline. On January 21, 2014, CCCPRC took the deposition of plaintiffs' expert, Dr. Adams. (See Docket No. 204.) The next day, plaintiffs filed a motion *in limine,* seeking to preclude CCCPRC from offering any expert testimony. (Docket No. 198.) Subsequently, on January 31, 2014, defendant CCCPRC requested authorization from the Court to present expert testimony through Ms. Milagros Figueroa-Ramos. (Docket No. 204.) The Court denied CCCPRC's request, finding that "CCCPRC had plenty of time to retain a nurse as an expert before the discovery cut off date of December 31, 2013." (Docket No. 206 at p. 1.) After two motions for reconsideration, the Court has consistently and firmly ruled that CCCPRC is not at liberty to present any expert witness due to its failure to meet the Court's scheduling order at Docket No. 121. Pursuant to Federal Rules of Civil Procedure 26(a)(2)(D) and 37(c)(1), the Court grants plaintiffs' motion *in limine* precluding CCCPRC from offering expert testimony.

## IV.  Conclusion

Defendant HBV's motion for partial summary judgment, (Docket No. 162), is **DENIED.**  HBV's motion requesting extension of partial judgment, (Docket No. 185), is also **DENIED.**  Plaintiffs' motion *in limine* to preclude expert testimony, (Docket No. 198), is **GRANTED.**

**IT IS SO ORDERED.**

San Juan, Puerto Rico, April 28, 2014.

<u>s/ Francisco A. Besosa</u>
FRANCISCO A. BESOSA
UNITED STATES DISTRICT JUDGE